UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE STOKES,

        Plaintiff,

                                              Case number 05-71683
v.                                         Honorable Julian Abele Cook, Jr.

XEROX CORPORATION,

        Defendant.

ORDER

On July 5, 2005, the Defendant, Xerox Corporation ("Xerox"), filed a motion to set aside an entry of default that had been entered in favor of the Plaintiff, Yvette Stokes. For the reasons that are stated below, Xerox's motion will be granted.

I.

On April 28, 2005, Stokes filed this lawsuit, in which she complained that her employment tenure with Xerox had been wrongfully terminated for improper and illegal racial reasons.[1] In its motion, Xerox generally asserts that the "purported service of the Summons and Complaint upon Defendant was improper." Def.'s mot. at 1. In support of its application for relief, Xerox has produced declarations from four persons,[2] all of whom described with reasonable clarity and specificity the events in which a process server, in an effort to locate and ostensibly serve Court-

---

[1] In her Complaint, Stokes has based her causes of action against Xerox on Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq*., and the Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq*.

[2] Xerox has identified these persons as Linda Goldberg, Karen West, Kim Thoman and Greg Wymore.

related pleadings upon Stokes' former work supervisor, Steve Katz, left two documents (to wit, summons and a copy of a Complaint ) with an employee at the Company's regional office in Southfield, Michigan.[3]  These documents, which were thereafter forwarded to a Xerox lawyer in California, were mistakenly placed in Stokes' employment file and did not receive any attention until after the deadline for filing an answer had expired.  On June 21, 2005, the Clerk of the Court, acting upon Stokes' request, filed an "Entry of Default" against Xerox.  This motion followed.

II.

The Federal Rules of Civil Procedure require a defendant to serve an answer on the opposing party within a period of twenty days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A).  However, if a defendant fails or neglects to take appropriate legal action within the allocated period of time, the Federal Rules of Civil Procedure authorize the Clerk of the Court to enter a default at the request of the aggrieved party.  Thereafter, a default judgment may be entered in favor of the plaintiff according to Fed. R. Civ. P. 55(b)(1).

A party, against whom a default judgment has been entered, may petition the court to set aside the adverse action for good cause, and upon a showing of mistake, or any other just reason. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352-53 (6th Cir. 2003).  Under Rule 55(c), the Court enjoys broad discretion under this "good cause" standard to grant relief from an entry of default to a defendant. *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir.1999).  In determining whether a defendant has demonstrated "good cause," courts are encouraged to determine if (1) the default was willful, (2) a set-aside directive would prejudice the plaintiff, and (3) the alleged defense was meritorious.

---

[3] Xerox asserts that its principal office is in Rochester, New York. However, Xerox maintains that the Company's worldwide headquarters are located in Stamford, Connecticut.

*Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

At the same time, a district court is obliged to set aside a default if it appears that the plaintiff failed to properly serve the pleadings on the defendant. *O.J. Distributing,* 340 F.3d at 353. An examination of Fed. R. Civ. P. 4(h), which governs the process of service upon a corporate defendant, provides that a corporation may be served in one of two ways. Under Fed. R. Civ. P. 4(h)(1), a plaintiff may serve a summons and a complaint upon "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." By contrast, Fed. R. Civ. P. 4(e)(1) authorizes a plaintiff to serve a corporate defendant in a manner that is authorized by the prevailing state rules. In Michigan, Mich. Ct. R. 2.105(D) provides that a plaintiff may officially give notice to a corporation by (1) serving a summons and a complaint upon an officer or a resident agent of the corporation, (2) serving a summons and a complaint on a director, trustee, or person in charge of an office of the corporation and sending copies of these court documents by registered mail to the corporation's principal office; or (3) transmitting a summons and a complaint by registered mail to the corporate defendant at its last known address, and to the Michigan Corporation and Securities Bureau if the corporation has failed to maintain a resident agent within the State.

Here, the only apparent dispute between the parties on this issue of service center around the question of whether Greg Wymore, who "accepted" service of Stokes' Complaint, qualifies as a managing agent under Rule 4(h)(1). Under the circumstances of this case, the burden of persuasion rests with Stokes. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). According to the Sixth Circuit Court of Appeals, a "managing agent" is one who is "authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Id.*

In her opposition papers, Stokes contends that Wymore's title as the "Ohio Valley/Michigan Solutions Manager" for Xerox is clear evidence that he was a managing agent for the Company when service was made upon him. However, it is axiomatic that "[w]hether a person is a managing or general agent depends on the person's duties and authority, not [his] title." *Rios v. Niagara Mach. & Tool Works*, 86 F.R.D. 383, 386 (W.D. Mich. 1980). Here, it is apparent that Stokes has failed to provide this Court with any evidence that Wymore (1) was "vested with powers of discretion," *Bridgeport*, 376 F.3d at 624, or (2) performed those duties that are "sufficiently necessary" for Xerox's business operations. *Rios*, 86 F.R.D. at 386. In fact, Xerox has provided a declaration from Wymore who affirmatively maintains that he (1) is among several other Xerox employees, all of whom are managers within the Company's Southfield office, and (2) neither manages the regional office nor has the authority to establish the prices, terms, or conditions of contracts for the Company's products. Supp. Decl. of Greg Wymore, ¶¶2-5.

Stokes also submits that Wymore, by transmitting the challenged legal documents to California, acted as an agent for the Company. Contrary to this position, the production of evidence that Wymore transmitted Stokes' Complaint and summons to another Xerox office in a timely fashion does not - in the absence of other compelling documentation - make him an agent of the Company who is authorized to accept service.

Based on its review of the record, this Court concludes that Stokes has failed to present legally sufficient evidence which demonstrates that Wymore is a managing agent who was authorized to accept service of process on behalf of Xerox.[4] Since Stokes did not properly serve

---

[4]Since Stokes failed to properly serve her Complaint upon Xerox, this Court need not address the parties' arguments whether Xerox has demonstrated "good cause" to set aside the entry of default.

her Complaint upon Xerox, the entry of default must be set aside.  *O.J. Distributing*, 340 F.3d at 353.  Therefore, Xerox is directed to file an answer to the Complaint within a period of twenty days from the date of this Order.  No costs to either party.

    IT IS SO ORDERED.

DATED:    August 26, 2005                          s/ Julian Abele Cook, Jr.
                                                                         JULIAN ABELE COOK, JR.
                                                                         United States District Judge

Certificate of Service

    I hereby certify that on August 26, 2005,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                             s/ Kay Alford
                                                                             Courtroom Deputy Clerk