UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE STOKES,

        Plaintiff,         CIVIL ACTION NO.  05-CV-71683-DT

  VS.                      DISTRICT JUDGE JULIAN ABELE COOK, JR.

XEROX CORPORATION,      MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO QUASH SUBPOENA ISSUED TO LAURENCE CROCKETT AND FOR PROTECTIVE ORDER AND GRANTING DEFENDANT'S MOTION TO COMPEL PURSUANT TO RULE 37(a)(2)(B)**

Before the Court are Defendant's Emergency Motion to Quash Subpoena issued to Laurence Crockett and for Protective Order filed on September 25, 2006 (docket no. 34), and Defendant's Motion to Compel Pursuant to Rule 37(a)(2)(B) filed on August 16, 2006 (docket no. 31). Following briefing on the motions, the Court entertained oral argument on October 3, 2006.

**I. FACTUAL BACKGROUND**

This is an employment discrimination case where the Plaintiff is alleging that Defendant terminated her employment due to race and gender in November 2003. Defendant claims Plaintiff was terminated due to poor performance. Plaintiff was employed as a sales representative for Defendant in its Public Sector Organization. Discovery ended on September 29, 2006. On September 21, 2006 Plaintiff mailed a subpoena *duces tecum* under Fed. R. Civ. P. 45 to an employee of Defendant, Laurence Crockett (Crockett), purporting to command him to produce records at his deposition on September 29, 2006. Crockett is now a sales representative for

Defendant in a different organization of Defendant. At the time of Plaintiff's employment, Crockett was a support person in the Public Sector Organization.

Plaintiff's subpoena seeks from Crockett the production of three classes of documents. The first class covers "any and all documents in your possession, . . . , relating to or concerning any and all accounts, including but not limited to the Baker College account, that you worked on with [Plaintiff] and/or Andre Dortch as [Plaintiff's] and/or Mr. Dortch's Production Specialist." The second class is virtually identical to the first except that it includes "order and install documents" in the listing of documents. The third class covers "any and all documents . . . relating to or concerning assignment of territories, change in territory assignment, size of territories, location of territories, territory potential, and opportunities within territories within the Public Sector Organization during the time you were a Production Specialist in the Public Sector Organization." This last class is not limited to documents in Crockett's possession as are the first two classes. The deposition of Crockett that was scheduled for September 29 did not take place.

The second motion is Defendant's motion to compel Plaintiff to testify at a deposition regarding her prior employment with the Detroit Metro Convention and Visitors Bureau (Bureau), her discharge from employment, and the terms on which she settled her lawsuit against the Bureau. Plaintiff cited a confidentiality agreement executed in her previous lawsuit against the Bureau when questioned on these subjects in her deposition. The Bureau has agreed to waive confidentiality and allow Plaintiff to testify about the prior litigation including the terms of settlement if Plaintiff waives the confidentiality provisions of the agreement as applicable to all other parties, or she is ordered by the court to give testimony regarding the prior litigation and settlement, and the information disclosed about the prior litigation is kept confidential and under seal in this litigation.

**II. STANDARD**

The decision whether to quash or modify a subpoena is within the court's discretion. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 at 19 (Supp. 2006). Under Rule 45(c)(3)(A), the court "shall" quash or modify the subpoena if it fails to allow reasonable time for compliance, requires the disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden. With regard to the motion to compel, Fed. R. Civ. P. 37(a)(2)(B) allows a party to move for an order compelling a deponent to answer a question, and the Court has broad discretion to make such orders as are just under that rule. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

**III. DEFENDANT'S MOTION TO QUASH**

*A. Standing*

Plaintiff argues in her Response that Defendant lacks standing to move to quash the subpoena directed to Crockett. At oral argument, Plaintiff's counsel did not argue this point. Instead, counsel directed her argument to whether the subpoena was properly issued. Based upon the briefs submitted, the Court finds that Defendant has standing. Plaintiff's subpoena is directed to Defendant's documents relating to account and territory information which Crockett would not have access to or possession of except for his employment by Defendant. Crockett is therefore acting as a representative for Defendant as to this document request. Under such circumstances, Defendant has standing to challenge the subpoena served upon its intended representative. *See Joiner v. Choicepoint Servs., Inc.,* 2006 WL 2669370 (W.D.N.C. Sept. 15, 2006) (defendant-

employer allowed to move to quash subpoenas directed to its employees seeking documents belonging to defendant).

*B. Propriety of the use of Rule 45 rather than Rule 34*

Defendant's primary contention is that Plaintiff should be proceeding under Fed. R. Civ. P. 34 to obtain the requested documents rather than under Rule 45. Defendant seeks to show that the request under Rule 45 is unduly burdensome and oppressive, and therefore that the subpoena should be quashed. *See Joiner*, 2006 WL 2669370 (granting motion to quash portions of subpoena requiring employees to provide documentation belonging to defendant corporation as unreasonable and oppressive).

Plaintiff argues that her subpoenaing of Crockett under Rule 45 is proper because he is a non-party. However, as stated previously, in this case Crockett is acting as the representative of Defendant. The subpoena seeks documents belonging to Defendant. This fact is clear because Plaintiff admits in her Response that the documents sought by the subpoena are subsumed within the production requests under Rule 34 she made to Defendant in April 2006. (Pl's br. in Opposition, docket no. 37, at 8). Plaintiff proceeded under Rule 45 with the subpoena to Crockett only when she was not satisfied with Defendant's response to the earlier production requests. Therefore, the Court will consider Plaintiff's Rule 45 subpoena to Crockett to be an attempt to subpoena the records of a party rather than a nonparty.

The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party. "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than

subpoenaing them from a nonparty witness." 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2204 at 365 (2nd ed. 1994) (citing *Bada Co. v. Montgomery Ward & Co.*, 32 F.R.D. 208 (S.D. Cal. 1963) and *Overly v. Hall-Neal Furnace Co.*, 12 F.R.D. 112 (N.D. Ohio 1951)). "Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45." 7 *Moore's Federal Practice* § 34.02[5][e] (3d ed.) (citing *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996)).

The parties did not bring any Sixth Circuit case to the Court's attention on this issue, and the Court has found none on point. In *Kean v. Van Dyken*, 2006 WL 374502 (W.D. Mich. Feb. 16, 2006), the court denied the plaintiff's request for a subpoena *duces tecum* directed to parties in the action under Rule 45, finding that he should proceed under Rule 34.

Cases from other districts are not in agreement, but the Court does not find them significantly probative for the issue to be decided in this case. The cases stating that a subpoena for the production of documents may be directed to a party under Rule 45 usually rely on *Badman v. Stark*, 139 F.R.D. 601 (M.D. Pa. 1991) ("a subpoena under Rule 45 may be served upon both party and non-party witnesses"). However, *Badman* ultimately found that the subpoena should not issue because the discovery "should not be had." *Id*. at 603. Also, in *Mortgage Information Servs., Inc., v. Kitchens*, 210 F.R.D. 562 (W.D.N.C. 2002), the court found that a Rule 45 subpoena could properly be served on a party, but it also cited *Moore's Federal Practice* for the proposition that Rule 45, although not limited by its terms to nonparties, should not be used to obtain pretrial production of documents from a party in circumvention of discovery rules or orders. *Id*. at 566.

5

Moreover, in *Joiner*, a court in the same district as *Kitchens* distinguished it and found that the use of a subpoena under Rule 45 directed to employees of the corporation to obtain documents belonging to the corporation was not proper.

Accordingly, the Court finds that the majority view is that a party should not be permitted to circumvent the requirements and protections of Rule 34 by proceeding under Rule 45 for the production of documents belonging to a party. As stated earlier, Plaintiff sought these documents in her production requests under Rule 34 made to Defendant in April 2006. Plaintiff argues that Defendant objected to these requests and failed to produce all of them. However, if that is the case Plaintiff should have moved to compel production under Rule 34(b). Plaintiff admitted during oral argument that she did nothing until approximately a week and a half before discovery ended when she sought to depose Crockett and have him produce the documents. Plaintiff served the subpoena on September 21, eight days before discovery was due to close. The deposition date was the last day of discovery, September 29. This effectively shortened the time for producing the documents to eight days from the thirty days allowed under Rule 34(b). Plaintiff will not be allowed to circumvent the procedures in Rule 34 by subpoenaing Crockett under Rule 45. Defendant's motion to quash the subpoena will be granted.

*C. Parties' Stipulation*

That having been decided, the parties informed the Court at oral argument that they had agreed that Crockett could be deposed by Plaintiff before the end of October and that he would produce 80 pages of documents. The parties disagree on whether Crockett should be under an obligation to produce additional documents should he discover them between now and the time Plaintiff deposes him. The Court construes this agreement as a stipulation pursuant to Fed. R. Civ.

P. 29 that Plaintiff will notice Crockett's deposition as it would for a person under Fed. R. Civ. P. 30(b)(5) which allows the notice of deposition to be accompanied by a request under Rule 34 for the production of documents at the time of the taking of the deposition.  The parties have identified the 80 pages of documents now in Crockett's possession and those are the specific documents that Plaintiff should notice him to produce at his deposition.  Because the stipulation was entered on the record at the hearing, the Court finds that this satisfies the rule's requirement that the stipulation be in writing.  Due to the above finding that the subpoena should be quashed, the Court will not order that Crockett produce any additional documents.  His deposition will be limited to one day.  The Court notes that if Crockett's deposition had proceeded on September 29 as Plaintiff originally planned, these 80 pages are all that Plaintiff would have received because they are all that he had identified at that time.

**IV. DEFENDANT'S MOTION TO COMPEL**

Defendant's next motion is to compel Plaintiff to testify at another deposition about her previous employment at the Bureau, her discharge from employment, and the settlement of her action against the Bureau.  Plaintiff left the Bureau in 1994, and Defendant hired her in 1999.  Plaintiff stated on her employment application for Defendant that she resigned from the Bureau.  Defendant has produced a letter from the Bureau stating that her employment was terminated as of April 19, 1994.  The settlement agreement that Plaintiff entered into with the Bureau has not been produced, although Plaintiff's counsel stated at oral argument that she now has a copy of the agreement.

Defendant argues that it is entitled to inquire into the circumstances surrounding Plaintiff's discharge because her employment may have ended by termination rather than resignation, as

Plaintiff has testified. Defendant also contends that her legal action against the Bureau and subsequent settlement may show her state of mind in receiving performance-based criticism and the "modus operandi by which she takes those criticisms and churns out unsupportable accusations of discrimination." (Docket no. 33 at 3)  Plaintiff contends that Defendant has not shown that the information sought is relevant to the case and therefore discoverable.

   *A. Relevancy*

Under Fed. R. Civ. P. 26(b)(1) parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Plaintiff does not dispute Defendant's argument that if Plaintiff committed resume fraud by falsely stating that she resigned when she was terminated, this would be relevant under the after-acquired evidence doctrine. *See McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352 (1995). In addition, prior frivolous claims of racial discrimination and harassment could be admissible as they might bear on Plaintiff's credibility at trial. *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020 (M.D. Fla. June 6, 2006). The Court understood Plaintiff's counsel at oral argument to rely upon *Maxwell* in her argument that relevancy is lacking, but the Court finds such reliance misplaced. The court in that case clearly found that such evidence "could be relevant and possibly admissible" at trial.  2006 WL 1627020 at *4. Also, in *Travers v. Travenol Labs., Inc*., 94 F.R.D. 92 (N.D. Ill. 1982), the court compelled the plaintiff in an employment discrimination case to sign a release so that the defendant could obtain documents of a prior EEOC discrimination charge filed by the plaintiff against a prior employer because such information might lead to admissible evidence as to plaintiff's intent and motive in filing the present

8

action. Finally, a circuit court found evidence of prior claims of racial discrimination against two previous employers admissible as impeachment at trial to show bias or motive. *Pounds v. Board of Trustees*, 215 F.3d 1320 (4th Cir. 2000) (unpublished). Accordingly, the Court finds that inquiry into Plaintiff's employment at the Bureau, her discharge from employment, and the terms of her settlement agreement are relevant to the present action, and are therefore discoverable.

### B. Confidentiality Agreement

The Court also finds that the existence of the confidentiality agreement is no obstacle to Defendant's inquiry into these matters. Defendant has shown by letters from the Bureau's counsel that the Bureau is willing to waive any right to confidentiality it has under the agreement so long as either Plaintiff waives the confidentiality provisions as applicable to all other parties or she is ordered to give testimony regarding the prior litigation and settlement, and the information disclosed about the prior litigation is kept confidential and under seal in this litigation. Plaintiff's counsel at the hearing noted that Plaintiff had not waived her rights to confidentiality as to her settlement. However, her right must yield to Defendant's right to discover this information in this action which Plaintiff herself initiated. *See Maxwell*, 2006 WL 1627020 at *2 (plaintiff may have waived privacy interests by bringing discrimination action); *Kalinauskas v. Wong*, 151 F.R.D. 363 (D. Nev. 1993) (limited deposition of former employee allowed even though settlement agreement would have otherwise barred former employee's discussion of her employment).

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion to Quash Subpoena issued to Laurence Crockett and for Protective Order (docket no. 34) be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall notice the deposition of Laurence Crockett in accord with Fed. R. Civ. P. 30(b)(5) and the parties' stipulation pursuant to Rule 29, for a day

prior to November 1, 2006, at which time Mr. Crockett shall appear and produce the 80 pages of documents which the parties have presently identified and agreed upon.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Pursuant to Rule 37(a)(2)(B) (docket no. 31) be **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall notice Plaintiff's deposition for a day prior to November 1, 2006, and that Plaintiff shall appear and testify regarding her employment at the Detroit Metro Convention and Visitors Bureau, her discharge from employment, and the settlement of her suit against the Bureau.

**IT IS FURTHER ORDERED** that Plaintiff shall designate her deposition testimony as confidential matter subject to the Protective Order previously entered in this action.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated October 05, 2006                s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 05, 2006               s/ Lisa C. Bartlett
                                      Courtroom Deputy