**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**YVETTE STOKES,**

       **Plaintiff,**              CIVIL ACTION NO.  05-CV-71683-DT

  VS.                          DISTRICT JUDGE JULIAN ABELE COOK, JR.

**XEROX CORPORATION,**     MAGISTRATE JUDGE MONA K. MAJZOUB

       **Defendant.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Before the Court is Defendant's Motion to Compel Answers to Interrogatories (docket no. 35) filed on September 25, 2006.  Following briefing on the motions, the Court entertained oral argument on October 25, 2006.  The matter is ready for ruling under 28 U.S.C. § 636(b)(1)(A).

### I. FACTUAL BACKGROUND

This is an employment discrimination case where the Plaintiff is alleging that Defendant terminated her employment due to race and gender in November 2003.  Defendant claims Plaintiff was terminated due to poor performance.  Discovery ended on September 29, 2006.  On June 30, 2006, Plaintiff served her Witness List on Defendant.  It names 27 lay witnesses including Plaintiff.  On July 6, 2006 Defendant served its Second Set of Interrogatories (one interrogatory) on Plaintiff which state: "For each person identified on your Witness List filed on June 30, 2006, please provide the individual's last known address and phone number, and set forth the facts and subject matter on which the Plaintiff expects to question or offer testimony from each witness."  (Docket no. 35, ex. C).

Plaintiff served her Answers on August 29, 2006, after an email request from Defendant's counsel.  Plaintiff did not object to the Interrogatories.  For the witnesses who were either current or former employees of Defendant, Plaintiff only stated that their last known addresses are "easily

ascertainable by Defendant via its own business records." For the remaining five witnesses, Plaintiff stated that she did not have a last known address or telephone number for them.

With regard to the facts and subject matter of the witnesses' testimony, Plaintiff stated for most witnesses that they were "expected to testify about his [or her] employment with Defendant and the events, conditions, and circumstances thereof, Plaintiff's employment with Defendant and the events, conditions, and circumstances thereof, and other subjects and facts contained in his [or her] deposition testimony and other such facts as may be elicited during trial." For a few of the witnesses Plaintiff gave more information, and for some Plaintiff gave even less information. The parties exchanged emails regarding Defendant's request for more factual information and better contact information for the witnesses, but Defendant now brings this motion to compel under Fed. R. Civ. P. 37(a)(2)(B).

## II. STANDARD

The scope and conduct of discovery is within the discretion of the Court. *Ventura v. The Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005). Rule 26(a)(1)(A), Fed. R. Civ. P., requires a party to provide to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information." It is not generally a valid objection to a discovery request to state that the information is equally available to the interrogator. *St. Paul Reinsurance Co. v. Commercial Financial Corp.,* 198 F.R.D. 508, 514 (N.D. Iowa 2000).

## III. DISCUSSION

Plaintiff's answers both regarding the contact information for her witnesses and regarding the facts on which Plaintiff expects to question or offer testimony from her witnesses are insufficient. Under Rule 26 she has an obligation to provide the contact information available to her or reasonably ascertainable by her for each witness. In addition, although the parties discussed the work product

2

privilege in their briefs, at oral argument Plaintiff agreed that as to the information sought by the interrogatory at issue she is not raising any such objection. Because there was no other objection raised as to the request for the facts upon which Plaintiff's witnesses are expected to testify at trial, Plaintiff is also obligated to provide that information to Defendant. The parties pointed out at oral argument that the deposition of Mr. Larry Crockett is scheduled for tomorrow. The Court ordered Plaintiff to supply any available contact information for him to Defendant's counsel by the close of business that day, October 25. Plaintiff's counsel stated on the record the substance of Mr. Crockett's expected testimony.

Defendant also requested that sanctions be awarded to it in the amount of $2500.00. Although the Court is tempted to award sanctions based on Plaintiff's unreasonable refusal to properly answer the interrogatories, the Court in its discretion will deny Defendant's request. Plaintiff is warned, however, that any additional instances of such unjustifiable conduct during discovery likely will result in an award of sanctions against her.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Answers to Interrogatories (docket no. 35) be **GRANTED**, but that Defendant's request for sanctions be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff re-answer Defendant's Second Set of Interrogatories in the manner the Court directed in the hearing of October 25, 2006, providing all contact information for each witness which is known or reasonably ascertainable by Plaintiff, and fully answering each interrogatory with specific facts as to the substance of each witness' expected testimony to the best of her ability.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 26, 2006                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 26, 2006                    s/ Lisa C. Bartlett
                                           Courtroom Deputy