# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**YVETTE STOKES,**

       **Plaintiff,**          **CIVIL ACTION NO. 05-CV-71683-DT**

  vs.

                                **DISTRICT JUDGE JULIAN ABELE COOK**

**XEROX CORP.,**             **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on Defendant's Motion to Compel Deposition of Dr. Rosalind E. Griffin filed on June 29, 2007. (Docket no. 67). Plaintiff filed a Response brief on July 11, 2007. (Docket no. 69). Defendant filed a Reply brief on July 13, 2007. (Docket no. 70). The Court held oral argument on the motion on July 18, 2007. The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 68). The matter is now ready for ruling.

This is an employment discrimination case. Defendant deposed Plaintiff's treating psychiatrist and named expert, Dr. Griffin, on October 17, 2006 for which Defendant paid Dr. Griffin $3,000. That deposition lasted two hours and concerned Dr. Griffin's psychological evaluation of Plaintiff in a prior discrimination action that Plaintiff filed. Defendant thereafter noticed Dr. Griffin's deposition as an expert witness for July 24, 2007 at 2:00 p.m. in Dr. Griffin's office. Dr. Griffin is also to produce documents related to her treatment of Plaintiff at that time. Dr. Griffin notified Defendant that it must pay in advance her $3,000 fee again for this upcoming deposition. Defendant filed this motion to compel Dr. Griffin's second deposition without additional payment. Defendant during oral argument also asked to be awarded $1500 in costs and attorney fees for bringing this motion.

Dr. Griffin submitted an affidavit in which she states that her hourly rate is $400. She further states that her fee for a deposition of 2.5 hours is $3,000. This fee is an approximation of the revenue she would otherwise generate by treating patients for the time spent preparing for deposition and attending the deposition. Dr. Griffin further says that she spends no less than 8 hours preparing for depositions without distinguishing "expert" depositions from "treating physician" depositions. Finally, she states that she clears her calendar for the entire day of the deposition to ensure her attendance and full attention. Plaintiff argues that Defendant should pay Dr. Griffin's $3,000 fee for this second deposition.

Rule 26(b)(4)(C), Fed. R. Civ. P., provides that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." The party seeking reimbursement bears the burden of establishing the reasonableness of the fees sought. *Packer v. SN Servicing Corp.*, __ F.R. D. __, 2007 WL 1732582 (D. Conn. June 11, 2007).

Initially, Plaintiff argues that treating the two depositions of Dr. Griffin as one deposition is "factually unwarranted." However, because the depositions both concern Dr. Griffin's evaluation of this Plaintiff and her psychiatric condition, albeit on different dates and concerning some different material, the Court takes judicial notice that the time required to prepare for these depositions, as opposed to two totally unrelated depositions, overlaps significantly. Therefore, the Court will treat these two depositions as continuing rather than totally separate depositions.

The Court must determine what the reasonable fee for Defendant to pay Dr. Griffin for her time spent in responding to discovery. Fed. R. Civ. P. 26(b)(4)(C). An expert's hourly rate for professional services is presumptively a reasonable hourly rate for the time spent being deposed. *Barrett v. Nextel Commc'ns, Inc.*, 2006 WL 374757 (E.D. Mich. Feb. 16, 2006). A court may find that a rate less

than an expert's hourly rate for professional services is reasonable to reimburse the expert for the time spent preparing for deposition. *Packer*, 2007 WL 1732582 (finding reasonable rate for psychiatrist of $350/hr for preparation and $400/hr for deposition). The Court finds that a reasonable rate to reimburse Dr. Griffin for the time actually spent being deposed is her hourly rate of $400. However, a reasonable rate for her preparation time is $300 per hour. This reduced rate reflects the finding that this is a continuing deposition on material which is to some extent familiar to Dr. Griffin based on her earlier evaluation of Plaintiff and the previous deposition.

Defendant anticipates that Dr. Griffin's upcoming deposition will last no longer than 4 hours. The Court suggests that the issues may be adequately covered in 2 hours. Defendant may wish to give prior notice to Dr. Griffin that her deposition will not exceed 2 hours in length. Such notice will lower the cost for Defendant and enable Dr. Griffin to better plan her day and perhaps limit the portion of her day that must be cleared for this deposition.

With regard to the amount of preparation time spent for a deposition, Dr. Griffin states in her affidavit that she spends no less than 8 hours preparing for depositions. However, there is no specific showing that she spent 8 hours in preparation for the earlier deposition or that she will spend 8 hours in preparation for the upcoming deposition. The parties stated during oral argument that they anticipate the materials Dr. Griffin will review for the upcoming deposition are her expert report, her office notes, and the MMPI results. Defendant's counsel pointed out that in Dr. Griffin's expert report dated June 25, 2007, she states that there were no independent records for her review. (Docket no. 67, ex. C). The Court finds that one hour preparation time for the upcoming deposition is reasonable for Dr. Griffin.

The Court does not find Dr. Griffin's fee of $3,000 per 2.5 hours of deposition to be reasonable. She states that this rate is calculated based on the revenue she would otherwise generate by treating patients for the same amount of time. However, the Court cannot accept such a calculation as being

reasonable because it would produce wildly varying rates for different specialists who are deposed. Furthermore, nothing compels Dr. Griffin to schedule depositions during her office hours. In fact, most professionals make themselves available for depositions outside of office hours.

Accordingly, payment will be made by Defendant for the upcoming deposition of Dr. Griffin within 10 days after the deposition takes place. Defendant will pay $400 per hour for the time Dr. Griffin actually spends on the record during the deposition. Dr. Griffin will be paid for 1 hour of preparation time at $300 per hour. In addition, Plaintiff's counsel during oral argument conceded that Defendant should have credit for one-half hour of deposition time because the earlier deposition did not last the full 2.5 hours. Therefore, $200 shall be deducted from the amount Defendant must otherwise pay for this upcoming deposition. Under these conditions Defendant will pay $900 for a two-hour deposition and up to $1700 for a four-hour deposition. The Court declines to award costs and fees.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is **GRANTED** to the extent that Dr. Griffin is ordered to appear for deposition as noticed on July 24, 2007, and that within 10 days following the deposition Defendant will submit payment to Dr. Griffin as discussed above.

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 19, 2007                        s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 19, 2007                    s/ Lisa C. Bartlett
                                                        Courtroom Deputy