UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE STOKES,

        Plaintiff,

v.

        Case number 05-71683
        Honorable Julian Abele Cook, Jr.

XEROX CORPORATION, a foreign corporation
doing business in the State of Michigan,

        Defendant.

ORDER

This is a case in which the Plaintiff, Yvette Stokes, complains that she was wrongfully terminated as an employee by the Defendant, Xerox Corporation, because of her race and gender, in violation of Title VI, 42 U.S.C. § 2000©, *et seq.*, and Mich. Comp. Laws § 37.2101 *et seq*. On April 23, 2007, the Court denied Xerox's motion for summary judgment under Fed.R.Civ.P. 56, citing the existence of genuine issues of a material fact as the basis for its decision. On May 7, 2007, Xerox, believing that the decision of April 23rd was incorrect, filed a motion for reconsideration, as authorized by the Local Rules of the United States District Court for the Eastern District of Michigan.[1] In its motion, Xerox contends that the Court failed to correctly address such

---

[1] The Court must evaluate this pending motion by Xerox according to E.D. Mich. LR 7.1(g)(3), which reads as follows:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

material issues as (1) gender discrimination, (2) pretext, and (3) discrete employment actions other than discharge.

I.

The facts that were proffered by Stokes in support of her gender discrimination and race discrimination claims are essentially the same. Although Stokes' sales performances were largely unsatisfactory over the course of her tenure of four years with Xerox, the Court believes that genuine issues of material facts remain as to whether she was terminated only for those reasons which pertained to her work performance. In advancing its position in this motion, Xerox points out that (1) several women within its organization held key management positions during all of the relevant periods of time, and (2) there is no claim by Stokes that Gina Smith[2] demonstrated or displayed any racial or gender bias toward her. As laudable as these assertions by Xerox may be, the Court is also aware that Stokes has consistently maintained that Stephen Katz[3] repeatedly subjected her to acts of racial and gender discrimination. As an example, Stokes has contended that he gave unwarranted preferential treatment to a caucasian fellow worker, Donald DeLabbio whom she claims was a similarly situated employee during all of the times that are relevant to this controversy. Moreover, Stokes has asserted that she and DeLabbio were subjected to an unjustified and unwarranted double standard by Xerox. She also claims that (1) DeLabbio was never placed or terminated from his employment despite having been placed on numerous performance improvement plans by Xerox, and (2) he had a sales performance which was generally inferior to her own level of productivity. Moreover, she complains that Katz repeatedly demonstrated an unwarranted preference to the male sales representatives under his supervision, all to her detriment

---

[2] Gina Smith acted as the manager of sales operations at the time.

[3] Katz was the official sales manages of the Southfield team for Xerox.

and work productivity. Hence, when called upon to evaluate the strength of Stokes' claims under the standards of review that must be applied in connection with this dispositive motion, this Court feels compelled to conclude that there is a sufficiency of evidence upon which to suggest the existence of a genuine issue of a material fact on the issue of gender discrimination by Xerox. Hence, the Court must decline Xerox's request to grant a summary judgment in its favor with regard to Stokes' gender discrimination claim.

II.

Pursuant to the *McDonnell Douglas*[4] framework, an aggrieved employee must initially establish a *prima facie* case of discrimination. *Manzer v. Shamrock Diamond Chems. Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994). If a *prima facie* case is established, then the burden shifts to the employer who must proffer legitimate nondiscriminatory reasons for its employment decision. *Kline v. Tenn. Valley Auth.,* 128 F.3d 337(6th Cir. 1997). However, if the employer is able to satisfy this burden of proof, it then becomes incumbent upon the employee to demonstrate that the stated reason for her termination was pretextual in nature. *Id.*

In this case, Xerox maintains that Stokes has failed to adequately demonstrate that its stated business reasons for the termination of her employment were pretextual in nature. Xerox points to the following evidence which ostensibly supports its position on this issue; namely, (1) Stokes was terminated for poor sales performance, (2) her termination resulted from an independent review by Gina Smith, the final decision maker, (3) she was not similarly situated to Donald DeLabbio, (4) her Baker College order was not purposefully delayed, and (5) she was not discouraged from attending a roundtable meeting.

Although Xerox affirmatively asserts that its administrative decision to terminate Stokes

---

[4]*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

was legitimate and nondiscriminatory, she has proffered sufficient reasons which facially cast doubt on these assertions. In support of her claims of discriminatory conduct by her now-former employer, Stokes submits that (1) her sales performance was better than DeLabbio, (2) she was not given credit for the Baker College account, (3) Xerox management discouraged her from attending the roundtable meetings which were open to other similarly situated employee, and (4) Gina Smith did not conduct an independent review of her work performance. While recognizing that the views of Xerox vary dramatically from those of Stokes, the Court believes that when her proffered evidence is accepted as being true for the limited purpose of this motion, there are genuine issues of a material fact which remain open and subject to challenge. Hence, at this stage of this controversy, it would be inappropriate to definitively conclude that the legitimate business reasons for Stokes' discharge were not pretextual.

III.

An adverse employment action can be defined as an administrative decision which brings about a "materially adverse change in the terms or conditions of employment." *Kocsis v. Multi-Care Mgmt., Inc.,* 87 F.3d 876, 887 (6th Cir. 1996). Adverse changes may occur when an employee's salary, benefits, hours, or work title is affected. *See Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 539 (6th Cir. 2002). Thus, an employer's conduct must "be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.*

In advancing her argument that she was subjected to wrongful acts of discrimination by Xerox, Stokes points to (1) the decision not to award her an opportunity to handle a vacant sales territory, (2) the rejection of an administrative credit for a sale in connection with her work on the Baker College account, (3) the purposeful exclusion from a roundtable meeting by management that was presumably open and available only to non-minority employees, and (4) her exclusion from

being given favorable consideration to cover the Westwood school territory. Xerox emphatically denies all of these charges of discriminatory conduct.

Stokes complains that she was denied the opportunity to handle the Westwood Schools and a co-worker's sales territories. Although Xerox claims that Stokes was on probation at the time and, thus, ineligible to be favorably considered for an assignment to these territories in the absence of a substantial improvement in her work productivity, the Court does note that some of these territories - albeit minimal in size and importance - were given to DeLabbio. There is also evidence that Stokes was denied credit for her work on the Baker College account. This administrative decision by Xerox - if correct - adversely affected her performance level and compensation. Although Xerox contends that there were legitimate reasons for her failure to receive credit for the sales in connection with the Baker College account, Stokes had proffered a sufficiency of facts which - if allowed to remain unchallenged - substantiate her claim of discriminatory action by Xerox. Accordingly, at the very least, the Court believes that there is a genuine issue of a material fact with regard to these claims of adverse employment actions.

IV.

For the reasons that are stated above, this Court will modify the Order of April 23, 2007, and, in doing so, it rejects Xerox's motion for reconsideration, except as to its argument relating to the discrete employment issue. When viewing all of the facts in a light most favorable to Stokes, the Court agrees with Xerox that Stokes' inability to attend a roundtable meeting does not amount to an adverse employment action, in that there is no evidence that this exclusion, if any, affected her employment in any capacity. However, the Court denies the balance of Xerox's motion with regard to those issues relating to pretext, gender discrimination, and discrete employment decisions. In summary, the remaining portions of the order of April 23rd shall remain without modification.

IT IS SO ORDERED.

Dated: July 23, 2007                                        s/ Julian Abele Cook, Jr.
         Detroit, Michigan                                  JULIAN ABELE COOK, JR.
                                                            United States District Judge

Certificate of Service

    I hereby certify that on July 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                            s/ Kay Alford
                                                            Courtroom Deputy Clerk